IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


## DARRELL E. BRADDOCK v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5976   Joe H. Walker, III, Judge**

———————————

**No. W2005-01975-CCA-R3-HC  - Filed November 21, 2005**

———————————


The Petitioner, Darrell E. Braddock, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we affirm the trial court's dismissal.


**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN AND J.C. MCLIN, JJ.  joined.

Darrell E. Braddock, pro se.

Paul G. Summers, Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General, for the appellee, the State of Tennessee.


## MEMORANDUM OPINION


Darrell Braddock was found guilty by a Shelby County jury of first degree felony murder, attempted first degree murder, attempted especially aggravated robbery, and two counts of aggravated assault. *See State v. Darrell Braddock,* No. 02C01-9707-CR-00279, 1998 WL 217897,

1

*1 (Tenn. Crim. App., at Jackson, May 5, 1998), *perm. to appeal denied,* (Tenn. Dec. 28, 1998). The Petitioner received concurrent sentences of life, twenty-five years, ten years, five years, and five years for each of the respective convictions. His convictions and sentences were affirmed by this Court. *Id.* Petitioner unsuccessfully sought post-conviction relief on two separate occasions. *See Darrell Braddock v. State,* No. W2004-00979-CCA-R3-PC, 2004 WL 2439256, *1 (Tenn. Crim. App., at Jackson, Oct. 28, 2004), *perm. to appeal denied,* (Tenn. Feb. 28, 2005), *reh'g denied,* (Mar. 28, 2005). The Petitioner is currently confined in the West Tennessee State Penitentiary in Henning, Tennessee.

On June 24, 2005, the Petitioner filed a petition for habeas corpus relief in the Lauderdale Count Circuit Court. As grounds for relief, Petitioner alleged that his sentences are excessive and void in light of the United States Supreme Court's decision in *Blakely v. Washington.* Petitioner further argued that the judgments of conviction are void as he was convicted of an offense greater than that charged in the indictment. Specifically, Petitioner stated that the jury returned a verdict finding him guilty of first degree felony murder, to wit aggravated robbery. He asserted that the indictment charged him with the offense of first degree felony murder, to wit attempt to commit aggravated robbery. On June 29, 2005, the trial court denied relief, finding that the Petitioner's sentences have not expired and that the lower court had jurisdiction to impose the sentences. On August 16, 2005, the Petitioner filed a notice of appeal document in the trial court.

The State has filed a motion requesting summary affirmance in accordance with Rule 20, Rules of the Tennessee Supreme Court. In its motion, the State contends that the notice of appeal document is late, thereby depriving this Court of jurisdiction. If waiver of the timely filing requirement is granted, however, the State asserts that Petitioner failed to assert a ground in which habeas relief could be granted. The Petitioner has filed a response in opposition to the State's motion. Specifically, the Petitioner asserts that his notice of appeal document was timely filed as he was never in receipt of the trial court's order denying relief.[1]

Again, the trial court denied habeas corpus relief by order entered June 29, 2005. The Petitioner filed a notice of appeal document in the trial court on August 16, 2005. No motion to excuse the late-filed notice of appeal document was filed with this Court. Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. In criminal proceedings, however, the notice is not jurisdictional. Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. Tenn. R. App. P. 4. Waiver is not automatic and should only occur when "the interest of justice" mandates waiver. To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the rule. *See Michelle Pierre Hill v. State,* No. 01C01-9506-CC-00175, 1996 WL 63950, *1 (Tenn. Crim. App., at Nashville, Feb. 13, 1996), *perm. to appeal denied,* (Tenn. May 28, 1996).

---

[1] The Petitioner asserts various procedural attacks upon the State's Rule 20 motion. After review of these assertions, we find the same not well-taken. As the Petitioner's responses have no merit, we find it unnecessary to address the same.

Although Petitioner's filing was *pro se,* Rule 4, Tennessee Rules of Appellate Procedure, does not relieve *pro se* appellants from the thirty-day notice requirement. Thus, Petitioner's *pro se* status remains but one factor in deciding whether the interest of justice mandates waiver of the thirty-day notice requirement. In determining whether waiver is appropriate this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case. In response to the State's motion, the Petitioner asserts that he was without notice of the trial court's June 29, 2005, order. Additionally, he contends that the State has failed to offer any factual evidence to show when the order of dismissal was entered by the Lauderdale County Circuit Court. The record belies this last statement. The Petitioner's explanation for the delay in filing the notice of appeal document does not convince this Court that waiver is appropriate. Moreover, it is obvious that the Petitioner's life sentence has not expired.

Our review of the issues raised on appeal in consideration with the record as a whole fails to persuade this Court that justice requires this Court to excuse the timely filing of the notice of appeal document. In the absence of a timely filed notice of appeal, this Court is without jurisdiction to entertain the above-captioned appeal. Accordingly, the appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE